IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION


JAY LEON COCHRAN,                          §
                                           §
          Petitioner,                      §
                                           §
v.                                         §          2:07-CV-0068
                                           §
RICK THALER, Director,                     §
Texas Department of Criminal Justice,      §
Correctional Institutions Division,        §
                                           §
          Respondent.                      §


**REPORT AND RECOMMENDATION TO DENY
PETITION FOR A WRIT OF HABEAS CORPUS**

Came for consideration the Petition for Writ of Habeas Corpus filed by petitioner JAY

LEON COCHRAN. Although the state court guilty plea proceedings in this case were deficient,

petitioner has not shown that any of the errors or deficiencies committed during the state court

proceedings entitle him to federal habeas corpus relief. For the reasons set forth below, it is the

opinion of the undersigned United States Magistrate Judge that the petition be DENIED.


I.
STATE COURT CONVICTIONS AND PROCEDURAL HISTORY

On January 18, 2001, in the 108th Judicial District Court of Potter County, Texas, petitioner

was indicted for the offense of delivery of marijuana in a drug free zone under section

481.134(b)(1) of the Texas Health and Safety Code,[1] said offense alleged to have occurred on

October 17, 2000.[2]  *State v. Cochran*, No. 43,312.  After arrest, petitioner was released on bond and,

pursuant to petitioner's testimony, worked in Philadelphia.[3]  While on release, petitioner was

indicted on May 17, 2001, in the 108th Judicial District Court of Potter County, Texas, for the

offense of delivery of marijuana in a drug free zone under section 481.120(b)(3) of the Texas

Health and Safety Code, said offense alleged to have occurred on August 25, 2000, approximately

two (2) months before the previously charged offense was alleged to have occurred.[4]  *State v.

Cochran*, No. 43,798.  According to petitioner, he was arrested in Philadelphia on this second

indictment in May 2001 and remained in custody until he was returned to Potter County in

September 2001.

The State prosecutor testified at the evidentiary hearing that in a July 3, 2001 letter to

petitioner's defense counsel, he offered petitioner a plea bargain of 10 years' imprisonment on

Cause No. 43,312-E and 5 years' imprisonment on Cause No. 43,798-E in return for guilty pleas.

According to the prosecutor, the offer was for the sentences to run concurrently.  The prosecutor

stated the offer was contingent upon no further criminal history of petitioner being discovered, and

the offer being accepted by July 11, 2001.  The prosecutor stated the offer could be withdrawn if not

---

[1] Section 481.134(b)(1) did not define a criminal offense, rather, that section merely enhanced the punishment for other criminal offenses defined under sections 481.112, .113, .114 and .120 of the Health and Safety Code.

[2] The indictment alleged petitioner did deliver, by actual transfer or constructive transfer, marijuana in an amount of 50 lbs. or less but more than 5 lbs. within 1,000 feet of a playground.  The amount alleged resulted in a 2nd degree felony under section 481.120(b)(4).  It was punishable as a 1st degree felony under section 481.134(b)(1) because the offense occurred within 1,000 feet of a playground located at Thompson Park. No prior felony enhancement paragraph was alleged.

[3] Testimony cited in this section was elicited at an evidentiary hearing before this Court on January 13, 2009.

[4] The indictment alleged delivery, by actual transfer and by offer to sell, marijuana in an amount of 5 lbs. or less but more than 1/4 oz. within 1,000 feet of a playground.  The amount alleged resulted in a state jail felony under section 481.120(b)(3), but it was punishable as a 3rd degree felony under section 481.134(b)(1) because the offense occurred within 1,000 feet of a playground located at River Road Park.

timely accepted. The prosecutor had no knowledge of whether defense counsel timely conveyed this offer to petitioner,[5] but did testify defense counsel did not timely respond to the offer. According to the prosecutor, the offer was no longer open after July 11, 2001, even though there was no written documentation evidencing the withdrawal of the offer.

Petitioner testified at the hearing that he and his parents met with defense counsel in December 2001 to discuss the plea offer from the State. Petitioner testified counsel advised them the State had offered 10 years and 5 years on his respective cases and that he was recommending petitioner accept the plea. Petitioner also testified counsel advised he would have a chance to receive shock probation with regard to the 10-year sentence, and that the manner in which he served the 5-year sentence did not matter because the shorter sentence would be "eaten up" by the 10-year sentence. Petitioner testified it was his understanding, based on defense counsel's representations, that the 5-year sentence would be completed while he was serving the 10-year sentence. Petitioner testified the words "stacked," "consecutive," or "concurrent" were never used during his discussions with defense counsel.

The State prosecutor's testimony was that he resumed negotiations with defense counsel in December 2001 and that he discussed his new belief that petitioner's sentences would have to be consecutive pursuant to statute. The prosecutor also stated that shortly after May 15, 2001 (and prior to the original plea offer), he had received notice that petitioner had an October 6, 1984 New Mexico conviction for possession which would qualify as an enhancement to petitioner's pending charges. The prosecutor testified he advised defense counsel of such, and that he would not agree to less than 15 years total imprisonment because he could re-indict, with an enhancement paragraph on the New Mexico conviction, in which case petitioner would be subject to a 15-year minimum

---

[5]Again, petitioner testified he was in custody in Philadelphia from May 2001 until September 2001.

3

sentence for a 1st degree felony, enhanced, in Cause No. 43,312-E. The prosecutor testified he made it clear to defense counsel during negotiations, as well as at the courthouse prior to the plea hearing, that the December plea offer to petitioner was for 10 years and 5 years stacked. The prosecutor admitted he had no knowledge whether defense counsel conveyed any of the negotiations discussion to petitioner.

Even after all of the detailed discussions with the state prosecutor concerning the first and second plea offers, the reason for the new 15-year minimum plea offer, and the prosecutor's belief that petitioner's proposed sentences were statutorily required to run consecutively, defense counsel averred during state habeas proceedings, that he did "not have any independent recollection of discussing concurrent or consecutive sentences with [petitioner]" one way or the other. Counsel stated in his affidavit, however, that he was "sure he was aware, in December 2001, of Section 481.134(h) imposing a consecutive sentence for Drug Free Zone offenses."[6] (*See* discussion below under section entitled *Cumulation Order*).

On December 17, 2001, in exchange for an agreed punishment recommendation from the State, petitioner entered pleas of guilty to both offenses. The written Punishment Recommendations stated simply that it was "mutually agreed and recommended to the Court" that petitioner receive a sentence of "imprisonment in the Texas Department of Criminal Justice, Institutional Division for a term of __5__ years" for the offense of "Delivery of Marijuana" in Cause No. 43,798-E and "for a term of 10 years" for the offense of "Delivery of Marijuana/Drug Free

---

[6]Section 481.134 of the Texas Health and Safety Code controls offenses committed within drug-free zones and the penalties for such offenses. Subsection (h) provided: "Punishment that is increased for a conviction for an offense listed under this section [section 481.134] may not run concurrently with punishment for a conviction under *any other* criminal statute [statutes other than section 481.134]." (emphasis added)

Zone" in Cause No.    43,312-E.[7]

In the state trial court's written plea admonishments, the court properly identified the charges against petitioner in Cause No. 43,312-E, but incorrectly indicated the offense was a 1st degree felony <u>enhanced</u> with a sentencing range of <u>15</u>-99 years.[8]  In its oral admonishments, the trial court again erroneously admonished petitioner that the range of punishment was <u>15</u>-99 years. *Guilty Plea*, at 6.  When queried by the trial court the prosecutor advised there was not an enhancement paragraph in this cause number, however, the court did not correct the 15-year minimum admonishment.  *Guilty Plea*, at 7.  The state trial court accepted petitioner's guilty plea and adjudicated petitioner guilty of delivery of marijuana in a drug-free zone in Cause No. 43,312-E.[9]

In the trial court's written plea admonishments in Cause No. 43,798-E, the court omitted the drug free zone allegation which was in the indictment and erroneously identified the charges against petitioner as simple delivery of marijuana.  Even though the trial court did not admonish that the offense occurred in a drug-free zone, the court orally admonished petitioner the alleged offense was a 3rd degree felony with a punishment range of 2-10 years (proper admonishment if a drug-free zone allegation).  In its oral admonishments, the trial court again erroneously admonished petitioner that he was charged with simple delivery of marijuana (omitting the allegation of a drug-free zone). *Guilty Plea*, at 5-7.  The prosecution did advise the court that both offenses occurred in a drug-free zone, even so, the state court received petitioner's guilty plea to a "delivery case."  *Guilty Plea*, at

---

[7]At the evidentiary hearing before this Court, a local criminal defense attorney testified it is the common understanding of the parties in this area that if a Punishment Recommendation does not reference consecutive sentencing, that the recommended sentences are to run concurrently.

[8]Without a prior felony enhancement, a 1st degree felony carried a sentencing range of 5-99 years.

[9]Petitioner's Judicial Confession averred he was guilty of the commission of each and every allegation contained in the indictment, which alleged the commission of the offense in a drug-free zone.

7-8.  The state trial court accepted petitioner's guilty plea and adjudicated petitioner guilty of

delivery of marijuana (without noting the drug-free zone allegation) in Cause No. 43,798-E.

During the plea hearing, petitioner acknowledged he understood the punishment ranges

identified by the trial court (whether correct or not), denied being threatened so as to cause him to

enter his guilty plea, and denied any promises being made in order to get him to plead guilty.  The

trial court then advised petitioner as to the sentencing recommendations from the prosecution:

> Court:  In the delivery case, there's a recommendation of 5 years'
> confinement in the prison system of the State of Texas.  Is that what
> you want to do?
>
> Petitioner:  Yes, sir.
>
> . . .
>
> Court:  Okay.  And in the delivery case in a drug-free zone, it is confinement – by
> confinement in the prison system of the State of Texas for a period of 10
> years.  Is that also your – is that your recommendation in that matter?
>
> Petitioner:  Yes, sir.

Following this colloquy regarding petitioner's understanding of the sentences recommended in

exchange for his guilty plea, neither the trial court, prosecutor, or defense counsel clarified or

attempted to clarify whether the sentences were to run concurrently or consecutively.  The trial

court then confirmed petitioner's waivers and confessions and advised it was prepared to follow the

sentencing recommendation.  Immediately thereafter, the following occurred *in toto*:

> Court:  Mr. Cochran, having found you guilty of the felony offense of
> delivery [no drug free zone enhancement] in Cause Number 43,798, it
> will be the sentence of the Court that you be confined in the prison
> system of the State of Texas for a period of 5 years.  And having
> found you guilty in Cause Number 43,312 of the felony offense of
> delivery of marijuana in a drug-free zone, it will be the sentence of
> the Court that you be confined in that matter – or in that cause for a
> period of 10 years in the Texas Department of Criminal Justice,
> Institutional Division.  I assume these will run concurrent, Counsel?

| Prosecutor: | Your Honor, by law they must run consecutive. |
| Court: | Consecutive? |
| Prosecutor: | That's correct, Your Honor. |
| Court: | All right. So ordered. Good luck to you, Mr. Cochran. |
| Petitioner: | Thank you, sir. |
| Court: | You will be given credit for time served, however. |

In the trial court's judgments dated December 17, 2001, and signed December 27, 2001, the trial court indicated petitioner was convicted of the offense of "Delivery of Marijuana - Drug Free Zone" without an enhancement paragraph in Cause No. 43,312-E. In the judgment entered in Cause No. 43,798-E, the trial court indicated, contrary to the admonishments, that petitioner was convicted of the offense of "Delivery of Marijuana - Drug Free Zone as alleged in Count One and Count Two."[10] As the terms of the plea, the trial court stated: "Pled as charged in Count One and Count Two. Sentenced to five (5) years Texas Department of Criminal Justice - Institutional Division." The trial court then included the following paragraph on the second page of the judgment:

Concurrent Unless Otherwise Specified: Cumulative. This sentence begins when the sentence in Cause No. 43,312-E in the 108th District Court of Potter County, Texas is completed.

Petitioner did not appeal either of the convictions or sentences.

When petitioner began serving his sentences in TDCJ-CID, the prison system calculated petitioner's sentences as concurrent sentences. Petitioner's unrebutted testimony before this Court was that he did not receive copies of the judgments in these cases until some time between late 2002 and early 2004. After receiving a copy of the judgment indicating his sentences were to run

---

[10]Count one alleged delivery by actual transfer, and count two alleged delivery by offer to sell.

consecutively, petitioner made inquiries to TDCJ-CID concerning his sentence. From January 2002 to September 13, 2006, TDCJ-CID continued to advise petitioner his sentences were being served concurrently. TDCJ-CID did not question the concurrent running of petitioner's sentences until on or about July 17, 2006.

On May 26, 2004 (even though TDCJ-CID was advising petitioner his sentences were running concurrently), petitioner filed state applications for writs of habeas corpus to clarify the discrepancies between the TDCJ calculation and the judgment of the trial court. *Ex parte Cochran*, Cause Nos. 59,570-01, -02. In these state applications, petitioner asserted his convictions and sentences were unconstitutional due to ineffective assistance of counsel, an involuntary guilty plea, an unlawful arrest, trial court admonishment errors, and the entry of an illegal sentence, *i.e.*, a judgment issuing consecutive sentences which should have been concurrent. The Texas Court of Criminal Appeals construed petitioner's state habeas arguments as follows:

> [Petitioner] contends that he received ineffective assistance of counsel, his guilty pleas were involuntary, and his sentences are illegal. Specifically, [petitioner] contends that counsel promised him that his sentences would be concurrent and that he would be released on parole in no more than a year and a half, yet his sentences are consecutive and he has not been released on parole. [Petitioner] also contends that counsel failed to investigate and determine that the locations of these offenses were not within drug free zones. [Petitioner] contends that the trial court improperly cumulated his sentences, and that his guilty pleas were involuntary due to the incorrect information provided to him by counsel and the fact that his sentences were cumulative.

On February 16, 2005, the Texas Court of Criminal Appeals, finding petitioner had alleged facts which, if true, might entitle him to relief, remanded both cases to the trial court for the development of additional facts. The trial court was ordered to make findings of fact as to whether petitioner received ineffective assistance from his counsel, whether his guilty pleas were voluntarily entered, and whether the sentences for these offenses were properly cumulated.

On April 27, 2005, trial counsel submitted an affidavit[11] to the state trial court wherein he stated:

> [Petitioner] alleges that I promised him that his sentences would be concurrent. After three and one-half years, I do not have any independent recollection of discussing concurrent or consecutive sentences with [petitioner]. I am sure, however, that in December 2001, I was aware of Section 481.134(h) imposing a consecutive sentence for Drug Free Zone offenses.

> [Petitioner] alleges that I promised him that he would be released on parole in no more than a year and a half. I have never had any idea how much time would be required to discharge a sentence. I would never speculate when the parole board would release an inmate and I cannot imagine telling [petitioner] when he would get out.

> [Petitioner] alleges that I failed to investigate whether the location involved was in a drug free zone. One of [petitioner's] offenses occurred in the parking lot of Ross Rogers golf course. More specifically the east part of the parking lot. I do remember going to Ross Rogers and stepping off the distance from Thompson Park to the parking lot. I do not recall the distance, but I do remember being satisfied that the offense occurred within 1000 feet of the park.

On July 20, 2005, the trial court entered the following findings of fact:

1. [T]rial counsel did not promise [petitioner] that his sentences in Cause Nos. 43,312-E and 43,798-E would be concurrent.

2. [T]rial counsel did not advise [petitioner] that he would be released on parole in no more than a year and a half.

3. [T]rial counsel conducted a sufficient independent investigation to determine that the locations of the alleged offenses were within drug free zones.

4. [Petitioner's] guilty pleas in Cause Nos. 43,312-E and 43,798-E were not involuntary.

5. [Petitioner's] sentences in Cause Nos. 43,312-E and 43,798-E were properly cumulated.

6. [Petitioner's] trial counsel rendered effective assistance of counsel.

---

[11]In his affidavit, counsel identified petitioner's offenses as "Delivery of Marijuana indictments, <u>one</u> of which was in a drug free zone."

On September 14, 2005, the Texas Court of Criminal Appeals denied petitioner's habeas applications without written order based on the findings of the trial court without a hearing.[12]

On or after September 13, 2006, TDCJ-CID began calculating petitioner's sentences consecutively rather than concurrently. On February 2, 2007, petitioner filed two more state habeas applications alleging his plea was involuntary because he was not properly admonished by the trial court that his sentences would be consecutive, and the trial court's order that the sentences be cumulative was improper. *Ex parte Cochran*, Cause Nos. 59,570-03, -04. On March 28, 2007, the Texas Court of Criminal Appeals dismissed these applications as subsequent applications and did not reach the merits of these applications.

On April 10, 2007, petitioner filed with this Court, the instant federal petition for a writ of habeas corpus.[13] On November 20, 2007, petitioner filed a supplemental petition. On November 13, 2008, respondent filed an answer opposing the petition.[14] Evidentiary hearings were held on the issue of limitations and on the merits.

## II.
## PETITIONER'S CLAIMS

Petitioner's claims, raised pursuant to different legal theories, involve primarily the issue of whether petitioner's consecutive sentences are proper. The Court has liberally construed petitioner's claims as:

1.      Petitioner's plea was involuntary because the state trial court:

---

[12]This decision notwithstanding, it now appears, based upon a subsequent decision by the Texas Court of Criminal Appeals, that the sentence may not have been mandated to be consecutive. *See Williams v. State*, 253 S.W.3d 673 (Tex.Crim.App. May 2008).

[13]*See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

[14]On September 26, 2008, this Court denied a motion to dismiss the petition as time barred filed by respondent.

a.      improperly admonished petitioner under the wrong sentencing range and entered a sentence that was not within the appropriate sentencing range; and

b.      did not fully admonish petitioner that the sentences he would receive as a result of his guilty plea would run consecutively and, therefore, petitioner was not aware his sentences would be stacked.

2.      The state trial court's cumulation order in the judgment in Cause No. 43,798-E directing petitioner's 5-year sentence to run consecutive to his 10-year sentence in Cause No. 43,312-E is improper in that it does not meet the requirements of state statute; and

3.      Petitioner's trial counsel was ineffective for erroneously advising him:

a.      as to the range of punishment; and

b.      that his sentences would be calculated concurrently.[15]

III.

## EVIDENTIARY HEARING

On January 13, 2009, the undersigned conducted an evidentiary hearing, primarily on petitioner's claims of ineffective assistance of counsel. Counsel for both parties and petitioner were present. Subsequent to the hearing, the undersigned ordered the parties to submit post-hearing

---

[15]In his application, under the subtitle "Incomplete Admonishment and Improper Cumulation Order," petitioner stated:

> Petitioner further argues that at the time of his plea bargaining hearing he was advised by his trial attorney that he could receive a stiffer sentence and that the plea bargain called for concurrent sentencing. Petitioner contends that his attorney gave him erroneous advise as to the range of punishment and stacking of the sentences, which was further compounded by the trial court when it gave him, the defendant, an incomplete and faulty admonishment concerning the direct consequences of the plea. (Citations omitted).

On June 12, 2007, this Court ordered petitioner to supplement his petition. On June 28, 2007 and July 19, 2007, petitioner filed supplemental pleadings in support of his petition. On November 20, 2007, petitioner filed a "Motion for Leave to File an Amended Complaint," prior to any responsive pleading by respondent, which this Court construed as another supplemental pleading in response to the Court's June 12, 2007 order to supplement. In this additional supplemental pleading, petitioner, under a subtitle of "Petitioner's Additional Contentions of True Facts of Law to be Added to his Amended Complaint," stated:

> Petitioner's further addition of a showing of the denials of the petitioner's rights of due process and equal protection laws . . . i.e., when petitioner Cochran was allowed to plead (guilty) to two illegal sentences, he was denied effective assistance of counsel and was denied "due process and equal protection rights" which is a true showing of violations of his United States constitutional rights of the 5th and 14th Amendments at a most critical stage of his trial. Also the petitioner contends that if the truth had been made known to him of these violations – the outcome of the trial would have been different in total.

briefs addressing, but not limited to, the following issues:

1. The state of the law in December 2001 as to Texas Health and Safety Code § 481.134(h) and any other pertinent provision of Texas law, and whether petitioner's sentences were authorized to run consecutively, were required to run consecutively, or were to run concurrently.

2. What relief, if any, is appropriate if it is determined that petitioner was not advised his two sentences were to run consecutively?

3. Is there any direct evidence, and if so, what is the evidence, that petitioner's trial counsel advised him the two sentences would run consecutively, whether by agreement or by operation of law? Is there any circumstantial evidence of such?

4. What were the <u>exact</u> terms of the plea agreement? What was announced in open court as the plea agreement? Is there any difference?

5. Was the state court's denial of habeas corpus relief reasonable or unreasonable? What are the facts each party contends support their position?

On January 27 and 28, 2009, respondent and petitioner, respectively, filed post-hearing briefs.

While petitioner's brief addressed the issues identified by the Court and outlined above,

respondent's brief did not directly address those issues.

## IV.
## TRIAL COURT PROCEEDINGS

Deficiencies occurred during the trial court proceedings, including, but not limited to, the

following:

1. The written plea admonishments and the trial court judge's oral admonishments misidentified the charge in Cause No. 43,798-E as delivery of marijuana rather than as delivery of marijuana in a drug free zone as was alleged in the Indictment;

2. The written plea admonishments and the trial court's oral admonishments misidentified the charge in Cause No. 43,312-E as a 1st degree felony enhanced when in fact the charge was a 1st degree felony without an enhancement paragraph;

3.      The written plea admonishments and the trial court's oral admonishment misidentified the applicable range of punishment for the 1st degree felony in Cause No. 43,312-E as being a minimum of 15 years to a maximum of 99 years when in fact the range of punishment was a minimum of 5 years to a maximum of 99 years;

4.      The written plea admonishments and the plea papers submitted during the trial court proceedings did not address the issue of whether the sentences would be concurrent or consecutive;

5.      The prosecutor was incorrect when he advised the court that by law the sentences must run consecutive; and

6.      The portion of the judgment in Cause No. 43,798-E, ordering the five-year sentence run consecutive to the ten-year sentence in Cause No. 43,312-E, was improper.

## V.
## STATE HABEAS COURT RULING ON SENTENCES

The state trial court, on habeas remand, made a finding, without discussion and after receiving only the affidavit of trial counsel as evidence, that the "sentences in Cause Nos. 43,312-E and 43,798-E were properly cumulated." The Texas Court of Criminal Appeals adopted this finding without discussion or additional written order. It is clear the Texas courts have ruled no state law violation occurred in the cumulation of the sentences.

Under 28 U.S.C. § 2254(d), a federal writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the prior adjudication:

(1)      resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

(2)      resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A decision adjudicated on the merits in a state court and based on a factual

determination will not be overturned unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The petitioner has the burden of rebutting this presumption of correctness by clear and convincing evidence. *Hill*, 210 F.3d at 485. When the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits, which is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex.Crim.App. 1997); *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999) (the Fifth Circuit recognizes this Texas state writ jurisprudence).

The state habeas court, however, found petitioner's sentences "were properly cumulated" and denied petitioner's claim of state law error. This was not a factual determination but instead was a question of law. It does not appear this federal Court can, under the AEDPA, reach this issue since it concerned only a question of state law and was not federal law. Certainly, there has been no showing the state habeas court's denial of this claim was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court.

A federal habeas court grants relief when the petitioner is held "in custody pursuant to the judgment of a State court only on the ground that he is in custody *in violation of the Constitution* or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). A federal habeas court asks only whether a federal constitutional violation infected the trial. *See also, Herrera v. Collins*, 506 U.S. 390, 113 S.Ct. 853, 859, 122 L.Ed.2d 203 (1993). Whether sentences are properly ordered to run concurrent or consecutive is simply a matter of state law and procedure. Consequently, if petitioner's allegation is merely a claim of state law error, such a claim is not cognizable on federal habeas review. *See Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007),

*cert. denied*, 128 S.Ct. 1874 (2008).

It could be argued that under some circumstances a state law error might constitute an independent basis for federal habeas relief if the error was so egregious or prejudicial as to amount to a federal constitutional violation such as a denial of due process. The Court will first consider whether a state law error occurred and, if it did, whether such error rendered petitioner's entire prosecution and sentence fundamentally unfair. The first issue, then, is whether the state trial court's cumulation order in the judgment in Cause No. 43,798-E directing petitioner's 5-year sentence run consecutive to his 10-year sentence in Cause No. 43,312-E was improper under Texas law.

## VI.
## CUMULATION ORDER[16]

In his second ground, petitioner contends the state trial court's cumulation order in the judgment in Cause No. 43,798-E directing petitioner's 5-year sentence to run consecutive to his 10-year sentence in Cause No. 43,312-E is improper in that it does not meet the requirements of state statutes.

At the time of petitioner's sentencing in December 2001, section 481.134 of the Texas Health and Safety Code defined drug-free zones and provided for enhanced penalties for offenses committed within such zones. Subsection (h) of that section provided:

> Punishment that is increased for a conviction for an offense listed under this section [multiple criminal offenses listed under subsections (b), (c), (d), (e) and (f)] may <u>not</u> run concurrently with punishment for a conviction under any *other* criminal statute [criminal statutes not within the above-listed subsections of 481.134].

---

[16] For clarity of discussion, petitioner's claims will be taken out of order.

15

(emphasis added).[17]  Here, in Cause No. 43, 798, petitioner's punishment was increased, *i.e.*, elevated from a state jail felony to a 3rd degree felony, for a conviction for delivery of marijuana under section 481.120(b)(3).  In Cause No. 43,312, petitioner's punishment was increased, *i.e.*, elevated from a 2nd degree felony to a 1st degree felony, for a conviction for delivery of marijuana under section 481.120(b)(4).  Both convictions were for offenses listed under section 481.134.[18]  Petitioner did <u>not</u>, however, have a conviction under any *other* criminal statute and, thus, did <u>not</u> receive a punishment for a conviction under any *other* criminal statute as required for stacking to be mandatory.  Consequently, by its plain language, section 481.134(h) was not implicated in this case and did <u>not</u> apply to require consecutive sentences.  Nonetheless, based upon the erroneous representation of the prosecutor that consecutive sentences were mandated, the trial court applied section 481.134(h) to order petitioner's sentences to run consecutively.  As a result, the state trial court misapplied Texas statutory law as the basis for cumulating the sentences.

The Texas Court of Criminal Appeals, on May 14, 2008, 6 ½ years after the sentencing in this case, confirmed the plain language of the statute, specifically noting that where a defendant is "not convicted of a criminal offense not listed within § 481.134, the consecutive sentencing provision of § 481.134(h) does not apply."  *Williams v. State*, 253 S.W.2d 673 (Tex.Crim.App. 2008). This holding was not a reinterpretation of the statute, rather, this holding merely confirmed the plain language of the statute and did not make any changes to its meaning.  Nor did this holding overturn any previous precedent holding otherwise.  Consequently, the cumulation order was

---

[17]Section 481.134(h) was a clear and unambiguous statute, and the prosecution and the state court were required to presume every word of the statute was used for a purpose, including the word "other" describing "criminal statute."  *See Eddins-Walcher Butane Co. v. Calvert*, 156 Tex. 587, 298 S.W.2d 93, 96 (1957).

[18]As previously noted, petitioner was charged by indictment in Cause No. 43,312-E with an offense under section 481.134(b)(1), the enhancement statute rather than a criminal offense statute.  However, the language of the indictment alleged a criminal delivery offense under section 481.120(b)(4).  The Court must construe petitioner's conviction as a conviction under 481.120(b)(4) to avoid an absurd result in applying the language of section 481.134(h).

entered based upon the state trial court's mistaken belief that it was mandated by section 481.134(h).

<u>Concurrent Sentences Required</u>

At the time petitioner entered his guilty pleas, section 481.132(d) of the Texas Health and Safety Code provided:

(a)     In this section, "criminal episode" means the commission of two or more offenses under this chapter under the following circumstances:

     (1)     the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme, plan, or continuing course of conduct; or

     (2)     the offenses are the repeated commission of the same or similar offenses.

. . .

(d)     If the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, sentence for each offense for which the accused has been found guilty shall be pronounced, and those sentences run concurrently.

Given this statutory language, instances have arisen where the prosecution may not have filed the requisite notice, but the defendant was nevertheless prosecuted for multiple offenses of the same criminal episode in one criminal proceeding and received consecutive sentences. In such instances, the Court of Criminal Appeals has determined the State's failure to give notice to join the offenses is irrelevant to how the defendant must serve the sentences. *LaPorte v. State*, 840 S.W.2d 412, 414 (Tex. Crim. App. 1992). If a defendant is *prosecuted* in a single criminal action for multiple offenses arising out of the same criminal episode, then his sentences must run concurrently, regardless of whether the State gave proper notice of joinder. *Id.* at 414-15; *Robbins v. State*, 914 S.W.2d 582, 584 (Tex. Crim. App. 1996). This applies to prosecutions brought under the Health and Safety Code. *See Williams v. State*, 253 S.W.3d 673, 676 (Tex. Crim. App. 2008)

(stating "the language of Texas Penal Code § 3.02 and Texas Health and Safety Code § 481.132 are virtually the same"); *Rollins v. State*, 994 S.W.2d 429, 431 (Tex. App.—Beaumont 1999, no pet.) (applying *LaPorte* to offenses arising under the health and safety code).  Thus, the State and the trial court are statutorily bound to concurrent sentencing for a defendant when the State elects to consolidate all of its causes for one guilty plea proceeding.  *See Robbins*, 914 at 584; *LaPorte*, 840 S.W.2d at 414*; Rollins*, 994 S.W.2d at 431.

Here, because the State elected to jointly prosecute petitioner's two delivery cases arising out of the same criminal episode, both the state and the trial court were bound by 481.132(d) of the Texas Health and Safety Code, which required petitioner's sentences to run concurrently.  *See Robbins*, 914 at 584; *LaPorte*, 840 S.W.2d at 414*; Rollins*, 994 S.W.2d at 431.  Respondent has not challenged petitioner's contention that concurrent sentences were required.  Petitioner's claim that the cumulation order violated Texas law has merit.

## Federal Habeas Relief

In this federal habeas proceeding, petitioner has asserted only that his sentences are illegal under Texas law.  The simple fact is that "habeas corpus is available only for the vindication of rights existing under federal law; not rights existing solely under the rules of state procedure." *Nelson v. Estelle*, 642 F.2d 903, 905-06 (5th Cir.1981); *see also Rubio v. Estelle*, 689 F.2d 533, 536 (5th Cir. 1982) ("[a]ssuming the variance constituted a violation of state law, such violation is purely a question of state criminal procedure and does not present an issue cognizable in a federal habeas corpus action").  Petitioner's right to concurrent sentences existed only under state law.

Further, petitioner has not asserted a specific federal constitutional right that was violated by the state trial court's entry of the improper sentences.  Even so, when there has been a violation of state procedure, the proper inquiry on federal habeas review "is to determine whether there has been

a constitutional infraction of defendant's due process rights which would render the trial as a whole 'fundamentally unfair.'" *Nelson*, 642 F.2d at 906 (citing *Donnelly v. De Christoforo*, 416 U.S. 637, 645, (1974)); *see Tifford v. Wainwright*, 588 F.2d 954, 957 (5th Cir.1979) (denial of motion to sever one codefendant's trial from that of other codefendants, under facts of the case, made trial "fundamentally unfair"). Consequently, to obtain relief petitioner must show the proceedings were "fundamentally unfair."

The issue whether the state court proceedings were "fundamentally unfair" is troublesome. On the one hand, petitioner is serving an additional 5-year sentence than he would have been required to serve if Texas law had been followed. On the other hand, as a result of his plea bargain, petitioner received a 10-year sentence for an offense for which he could have received a sentence of up to 99 years and received a 5-year sentence in a case for which he could have been sentenced up to 20 years. Secondly, it was not part of the plea bargain that the State consolidate these two actions so as to allow petitioner to benefit from the one criminal episode concurrent sentencing provision. The State could have just as easily required petitioner to plead guilty in separate proceedings. Third, the state prosecutor testified at the evidentiary hearing in federal court that, because of the prior New Mexico conviction, he was prepared to reindict petitioner with an enhancement paragraph which would have changed his range of punishment on the 1st degree felony from 5 to 99 years to a range of 15 to 99 years. Apparently the prosecutor chose not to reindict petitioner with the enhancement paragraph because the prosecutor was under the erroneous assumption that the Health and Safety Code required the sentences be stacked.

For the reasons set forth above, the undersigned does not find the cumulation order error so egregious as to constitute a denial of fundamental fairness and this ground should be denied.

# VII.
## INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM

By his third ground, petitioner argues he was denied effective assistance of counsel because he was not advised (1) as to the correct range of punishment; and (2) that his sentences would not run concurrently.

In his answer filed November 13, 2008, respondent addressed the merits of petitioner's ineffective assistance of counsel claim arguing petitioner's claims are conclusory or, alternatively, that petitioner has not proven counsel was deficient or that the alleged deficiency prejudiced him. In his post-hearing brief, however, notwithstanding the fact he had previously identified ineffective assistance as a claim asserted, respondent contends petitioner failed to raise an ineffective assistance of counsel claim and objects to petitioner's allegation of misadvice from defense counsel being treated as a ground of error. Respondent acknowledges that in petitioner's supporting memorandum, under the heading "incomplete admonishment and improper cumulation order," petitioner included the following:

> [A]t the time of his plea bargaining hearing he was advised by his trial attorney that he could receive a stiffer sentence and that the plea bargain called for concurrent sentencing . . . . Petitioner contends that his attorney gave him erroneous advice as to the range of punishment and stacking of sentencing, which was further compounded by the trial court when it gave him, the defendant, an incomplete and faulty admonishment concerning the direct consequences of the plea.

Respondent contends that despite these specific allegations of misadvice by counsel in the memorandum, petitioner did not set out ineffective assistance of counsel as a separate claim in his federal habeas petition, although he did make such an assertion of this claim as a separate ground in his state habeas petition. Respondent contends petitioner's failure to specifically set out his ineffective assistance of counsel claim in his petition and his failure to further elaborate on the claim, particularly the prejudice prong, indicates petitioner's claim of erroneous advice was

intended only to "press the alleged seriousness of the *trial court's* alleged error, rather than to raise an independent ineffective assistance of counsel claim."

While the argument that all grounds for relief should be stated in the habeas petition rather than in memorandum in support or other pleadings has definite merit, this Court must construe petitioner's claims liberally. Pro se inmate prisoners are not held to the same stringent standards as attorneys. Petitioner's allegation that counsel misadvised him as to the range of punishment and the stacking of petitioner's sentences is clear and straightforward, albeit mentioned in a memorandum in support of his federal petition and under a heading identifying trial court error as the subject matter of the discussion. The undersigned believes petitioner's specific allegation of misadvice was sufficient to allege ineffective assistance of counsel, however inartfully drafted or set forth in the pleadings. This is particularly so in light of respondent including such claim in its answer to the petition. This court adheres to the principle that habeas corpus is, at its core, an equitable remedy. *Schlup v. Delo*, 513 U.S. 298, 318-19 (1995).

Respondent next argues petitioner's claims of ineffective assistance of counsel in his original petition are conclusory. Petitioner, however, specifically states counsel erroneously advised him his sentences would be concurrent and petitioner's accusation is substantiated by the absence in the plea papers of any mention that the sentences were to run consecutively, by the absence of any discussion during the plea proceeding of consecutive sentences, as well as the trial court's statement that he assumed the sentences were to run concurrently. Petitioner's claims of ineffective assistance of counsel should not be denied as conclusory.

As to petitioner's claim that counsel was deficient because he misadvised petitioner as to the range of punishment (5-99 years), there is nothing in the record or elicited in the hearing that indicates the range of punishment which <u>defense counsel</u> advised petitioner was incorrect.

However, there is evidence the trial court incorrectly admonished petitioner when advising of a greater minimum sentence (15 years) than was applicable and that trial counsel failed to object. This does not entitle petitioner to relief, however, because even if the undersigned finds counsel's failure to ensure petitioner was admonished as to the proper minimum sentence of five (5) years in Cause No. 43,312-E, there has been no showing of prejudice, *i.e.*, no showing petitioner would not have pled guilty and would have insisted on going to trial.

Petitioner also claims counsel misadvised him that his sentences would run concurrently and failed to object to the cumulation of petitioner's sentences. In response to the Texas Court of Criminal Appeals remand construing petitioner's claim as an allegation that counsel "promised" petitioner his sentences would be concurrent, defense counsel submitted his affidavit, and <u>did not deny</u> that he advised or "promised" petitioner his sentences would be concurrent, rather, he merely stated he did not "have any independent recollection of discussing concurrent or consecutive sentences" with petitioner but was "sure" he "was aware of Section 481.134(h) imposing a consecutive sentence for Drug Free Zone offenses." Based solely on this "evidence," the state habeas court made a finding of fact that defense counsel <u>did not "promise"</u> petitioner his sentences would be concurrent. The state habeas court then issued a conclusion of law that trial counsel rendered effective assistance of counsel. The Texas Court of Criminal Appeals adopted these findings and denied petitioner's claim of ineffective assistance of counsel.

This ineffective assistance of counsel claim was adjudicated on the merits in a state court proceeding and the denial of relief was based on a factual determination and will not be overturned unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The petitioner has the

burden of rebutting this presumption of correctness by clear and convincing evidence. *Hill*, 210

F.3d at 485. When the Texas Court of Criminal Appeals denies relief in a state habeas corpus

application without written order, it is an adjudication on the merits, which is entitled to this

presumption. *Ex parte Torres*, 943 S.W.2d at 472; *Singleton*, 178 F.3d at 384 (the Fifth Circuit

recognizes this Texas state writ jurisprudence).

      Here, the undersigned finds the state court decisions finding trial counsel did not promise

concurrent sentences were based on an unreasonable determination of the facts in light of the

evidence presented in the state court proceeding. Trial counsel's affidavit simply did not, in any

way, deny that he advised or "promised" petitioner his sentences would be concurrent. Instead, the

affidavit was non-committal. Without trial counsel's affidavit, there was no other evidence

submitted to the state habeas court. There is <u>no</u> evidence supporting a finding that counsel did not

promise petitioner his sentences would be concurrent. Counsel only averred he did not have any

memory of discussing the concurrent or consecutive running of the sentences with petitioner. His

"awareness" of the consecutive sentencing provisions of section 481.134(h) did not amount to a

declaration that he discussed, in any way, the manner in which petitioner's sentences would run.

The state habeas court's finding of fact that defense counsel did not "promise" petitioner his

sentences would be concurrent, resulting in its conclusion of law that trial counsel rendered

effective assistance of counsel, was not based on objectively reasonable evidence. As a result, this

Court is not bound by the state court finding.

      There are at least three (3) possible scenarios: trial counsel either (1) advised petitioner his

sentences would run concurrently, (2) advised petitioner the sentences would run consecutively, or

(3) did not advise petitioner either way concerning the running of the sentences. The only direct

evidence before this Court as to discussions between defense counsel and petitioner is petitioner's

self-serving testimony that counsel advised him the sentences would run together (concurrently), or that the 10-year sentence would eat up the 5-year sentence. Counsel did not adequately rebut this allegation through his affidavit. From July 2001 through November 2001, the only plea offer defense counsel could have related to petitioner was the prosecution's concurrent sentence plea offer. Even though the December negotiations raised the consecutive sentence issue, the written documents of record signed by petitioner still appear to have reflected a concurrent sentence plea offer. While, according to the testimony of the Assistant District Attorney, the prosecution and defense counsel discussed the prosecution's intent the sentences were to run consecutively and/or belief that the statute required the sentences to run consecutively, there is no evidence defense counsel advised petitioner of the prosecution's intent that the sentences run consecutively. Consequently, the evidence of record reflects counsel either misadvised petitioner that his sentences would run concurrently or failed to advise petitioner as to how petitioner's sentences would run. Either way, counsel's failure to advise or counsel's misadvice prior to entry of the plea renders defense counsel's representation deficient.

Respondent argues petitioner has failed to show any deficiencies on the part of defense counsel prejudiced petitioner. Reasonable probability of a different result is sufficient enough to satisfy the prejudice prong of *Strickland v. Washington,* 466 U.S. 668, 695 (1984). The undersigned notes, however, that in order "[t]o prove prejudice for an ineffective assistance of counsel claim in the context of a guilty plea, the habeas petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Bond v. Dretke,* 384 F.3d 166, 167-68 (5th Cir.2004) (citing *Hill v. Lockhart,* 474 U.S. 52, 59 (1985)) (internal quotation marks omitted). Petitioner does not have to prove with absolute certainty that he would not have pleaded guilty, only that there was a

"reasonable probability" such would have occurred.

Petitioner testified at the evidentiary hearing that if the prosecutor had offered 15 years instead of 10 years, that he did not know what he would have done with regard to his guilty plea. Petitioner testified on re-direct that he would have considered withdrawing his plea if he had been told, in court, that he was receiving a 15-year sentence instead of the 10-year sentence he understood he was receiving. While it is very difficult for a defendant to argue he would have insisted on going to trial had he been correctly advised, the Court is in a more difficult position because resolution of the issue requires the Court to speculate as to the defendant's state of mind during plea negotiations and/or plea proceedings and what the defendant "would" have done if he had been correctly advised by counsel. However, "[t]o prove prejudice for an ineffective assistance of counsel claim in the context of a guilty plea, the habeas petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *See Bond*, 384 F.3d at 167-68. Petitioner has not, and cannot, demonstrate such.

First, petitioner's claim of erroneous admonishments actually works against him in that the trial court's erroneous admonishment that his minimum sentence was 15 years calls into question whether he was completely unaware of a potential for a 15-year sentence. Second, petitioner could have been reindicted and his prior New Mexico conviction alleged as an enhancement paragraph resulting in a 15-year minimum sentence for the charges. The prosecutor testified at the evidentiary hearing that he would have, in fact, reindicted petitioner if he had not accepted the plea. It is unlikely petitioner, but for counsel's errors, would not have pleaded guilty and would have insisted on going to trial when he would be subject to a 15-year minimum. The only way petitioner could have avoid a 15-year minimum would have been for him to go to trial and be acquitted. Petitioner

has not advanced any colorable claim that he had a viable defense to present at trial. Petitioner

simply has not demonstrated a reasonable probability that had defense counsel properly advised

petitioner concerning the consecutive running of his sentences in this case, that petitioner would not

have still pleaded guilty. Petitioner has not demonstrated he was prejudiced by defense counsel's

deficient performance in either erroneously advising him that his sentences would be concurrent or

in failing to advise they would not be concurrent. Because he cannot show prejudice, petitioner's

allegation of ineffective assistance of counsel does not entitle petitioner to federal relief.[19]


VIII.
### VOLUNTARINESS OF PETITIONER'S GUILTY PLEAS

Petitioner next argues his guilty pleas were involuntary because the *state trial court*:

1.      improperly admonished petitioner under the wrong sentencing range and
         entered a sentence that was not within the appropriate sentencing range; and

2.      did not fully admonish petitioner that the sentences he would receive as a
         result of his guilty plea would run consecutively and, therefore, petitioner
         was not aware his sentences would be stacked.

A federal court must uphold a guilty plea challenged in a habeas corpus proceeding if the plea was

voluntary, knowing, and intelligent. *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995).

Consequently, a challenge is limited to issues of (1) voluntariness, (2) the defendant's

understanding of the charges against him, and (3) the defendant's understanding of the

consequences of the plea. *See Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985). With respect to

sentencing, this means "that the defendant must know the maximum prison term and fine for the

offense charged." *United States v. Rivera*, 898 F.2d 442, 447 (5th Cir. 1990).

On state habeas review, the Texas Court of Criminal Appeals construed petitioner's claim as

---

[19]In his federal habeas, petitioner does <u>not</u> appear to assert defense counsel was ineffective for failing to object to the trial
court ordering petitioner's sentences to run consecutively during the sentencing hearing.

whether petitioner's "guilty pleas were involuntary due to the incorrect information provided to him by counsel and the fact that his sentences were cumulative." The voluntariness of petitioner's guilty pleas due to trial court error in admonishing petitioner as to the wrong sentencing range and the running of petitioner's sentences consecutively, and entering a sentence not within the sentencing range was not considered on state habeas. Consequently, it appears these claims may not have been adequately exhausted. However, in the remand to the state trial court, the Court of Criminal Appeals directed a broader determination of whether petitioner's guilty pleas were voluntarily entered, and the state trial court found petitioner's guilty pleas "were not involuntary." Consequently, this Court will consider petitioner's claim.

## Admonishment on Range of Punishment

Petitioner initially argues his pleas were involuntary because the trial court incorrectly admonished petitioner, both in writing and orally, that the offense in Cause No. 43,312-E was a 1st degree felony <u>enhanced</u> carrying a sentencing range of <u>15</u>-99 years rather than properly identifying the offense as a 1st degree felony <u>without enhancement</u> and with a sentencing range of <u>5</u>-99 years. Petitioner also appears to argue the trial court erred in admonishing him in Cause No. 43,798-E, because the court erroneously identified the charges against petitioner as simple delivery of marijuana without an allegation of a drug-free zone,[20] even though the prosecution advised the court that both offenses occurred in a drug-free zone and even though the court properly advised petitioner the indicted offense was a 3rd degree felony with a punishment range of 2-10 years.

Despite these errors in the trial court's admonishments, the undersigned finds they did not render petitioner's pleas involuntary or unknowing. The state trial court clearly admonished

---

[20]If there is no drug-free zone allegation, a delivery of marijuana offense of 5 lbs. or less but more than one-fourth ounce was a state jail felony with a sentencing range of 180 days to 2 years.

27

petitioner as to the maximum prison terms he faced by pleading guilty to the offenses charged in the indictment. Petitioner has not demonstrated he did not understand the admonishments. Even though the admonishment of a minimum range of 15-years was higher than the actual 5-year minimum, the trial court correctly informed petitioner of the maximum sentence for that offense. The trial court thoroughly and properly admonished petitioner as to the meaning and consequences of his plea. Petitioner has not demonstrated, nor argued, he relied on the state trial court's incorrect statements regarding minimum punishment ranges in entering his guilty pleas. Moreover, petitioner does not cite to anything in the record, nor does the undersigned find such, indicating a reasonable probability that, but for the state trial judge's admonishment errors, petitioner would not have pleaded guilty. This claim should be DENIED.

Sentence Not Within Sentencing Range

Petitioner also appears to argue his guilty pleas were involuntary because the state trial court entered a sentence that was not within the appropriate sentencing range. Petitioner's sentences, however, except for the fact they were stacked, were well within the appropriate sentencing ranges for the offenses with which he was charged and of which he was found guilty. Petitioner's claim should be DENIED.

Admonishment as to Running of Sentences

Lastly, petitioner contends his guilty pleas are involuntary because the trial court did not fully admonish petitioner, prior to accepting his pleas, making an adjudication of guilt and sentencing petitioner, that the sentences he would receive as a result of his guilty pleas would be running consecutively. Petitioner contends because of this trial court error he was not aware his sentences would be stacked.

Both federal and state law cases indicate the voluntariness of a guilty plea is not affected by a trial court's failure to inform the defendant that his sentences for separate offenses may be stacked or cumulated. *Gordon v. Johnson*, No. 97-20815, 1999 WL 548588, at *1 (5th Cir. July 7, 1999) (unpublished) (see cases cited therein).

Petitioner's claim is that his counsel misadvised him that his sentence would be concurrent, and that the trial court erred in ordering consecutive sentences. Petitioner has failed to show how he was prejudiced by any state trial court admonishments in entering his guilty pleas. The trial court did not advise petitioner, prior to the plea, that the sentences would be concurrent. In fact, petitioner has argued he relied on statements from his defense counsel in entering his pleas rather than trial court admonishment error. Even so, petitioner cannot demonstrate a reasonable probability that, but for the state trial judge's failure to admonish petitioner as to the manner in which his sentences would be calculated, *i.e.*, that they would be consecutive, that he would not have pleaded guilty. Petitioner's decision to accept the plea for 10- and 5-year sentences, while it may have been based on an understanding by petitioner that the sentences would be served simultaneously, is not rendered involuntary by the trial court's failure to clarify, during the plea admonishments, petitioner's understanding of how the sentences would run. Petitioner's claim should be DENIED.

IX
CONCLUSION

While the Court appreciates the volume of criminal cases which must be addressed by the state courts, the guilty plea proceedings and papers attendant thereto in this case were deficient. Further, if petitioner's trial counsel, the trial court, or petitioner had challenged the prosecutor's declaration that stacking was mandated, this entire issue and whether petitioner pled or did not

plead could have been resolved in short order.  Instead, the prosecutor's declaration that the law required consecutive sentences was accepted without question, and, the result has been a long series of state and habeas federal proceedings.

While at the time the pleas in this case were entered, the state prosecutors may have been of the opinion the Health and Safety Code required consecutive sentences in a case such as petitioner's, the Court of Criminal Appeals has ruled that consecutive sentences are not required.  The Court of Criminal Appeals ruling in *Williams* is the law, and it is somewhat disturbing that neither respondent nor the District Attorney's office elected to remedy this case by simply following the *Williams* opinion and agreeing to the relief petitioner sought.  Under the facts and circumstances of this case, it is the opinion of the undersigned such would have been a fair and equitable course of action.  Even though this Court is persuaded that the federal relief is not available, the equitable resolution of this case would be that Cochran's sentence be amended to run concurrent.

## X.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by Person in State Custody filed by petitioner JAY LEON COCHRAN be DENIED.

## XI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and

Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 10th day of September, 2010.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).